# IN THE COURT OF APPEALS OF IOWA

No. 17-1140
Filed February 20, 2019

**MATTHEW ALAN LEONARD,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson,

Judge.


    Matthew Leonard appeals the denial of his application for postconviction

relief. **AFFIRMED.**



    Mathew D. Zinkula of Booth Law Firm, Osceola, for appellant.

    Thomas J. Miller, Attorney General, and Kevin Cmelik, Israel Kodiaga and

Kelli A. Huser (until withdrawal), Assistant Attorneys General, for appellee State.


    Considered by Vaitheswaran, P.J., Mullins, J., and Carr, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

Matthew Leonard appeals the denial of his application for postconviction relief (PCR). He asserts he did not understand the consequences of his guilty plea. We find he has not shown ineffective assistance and affirm.

"[W]e review claims of ineffective assistance of counsel de novo." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "In addition, we give weight to the lower court's findings concerning witness credibility." *Id.* "In order to succeed on a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). The defendant must prove both prongs by a preponderance of the evidence. *Id.* at 196; *see also State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003) ("A defendant's inability to prove either element is fatal.").

Leonard was charged with two counts of robbery in the second degree and one count of forgery. *See* Iowa Code §§ 711.1, 711.3, 715A.2(1), 715A.2(2)(a)(3) (2013). On Friday, November 14, 2014, Leonard participated in a plea hearing on the charges. The State had agreed to recommend concurrent sentences on all charges in exchange for his guilty plea. In the hearing, he requested permission to enter his guilty plea on Monday so he could put his affairs in order over the weekend. The court agreed to accept his plea on Monday. However, the court warned him the State would be free to recommend any sentence allowed by law—including consecutive prison sentences—if he failed to return on Monday or if he engaged in additional criminal activity or used illegal substances before his next hearing.

Leonard failed to return on Monday. A warrant was issued, and he was arrested about a week later. On December 17, he pled guilty to all three charges at a hearing. Before accepting his plea, the court engaged him in a colloquy and explained the State would be able to recommend any legal sentence including consecutive sentences totaling twenty-five years in prison. On January 29, 2015, the court sentenced him to terms of incarceration not to exceed ten years on each count of robbery and five years on the count of forgery, with the two robbery sentences run consecutively and the forgery sentence run concurrently for a total period of incarceration not to exceed twenty years.[1] On March 3, 2016, he filed his application for PCR. On July 13, 2017, the district court denied his application. He now appeals.

Leonard argues his plea counsel was ineffective for failing to explain the consequences of his guilty plea. At the PCR hearing, he testified he repeatedly told his plea counsel he would not plead guilty if the State would not recommend concurrent sentences. The PCR court did not find this testimony credible, and we give weight to this determination. *See Ledezma*, 626 N.W.2d at 141. Furthermore, the court informed him of—and he acknowledged understanding—the consequences of pleading guilty without a plea agreement in each hearing. The following exchange occurred during the November 14, 2014 hearing:

> THE COURT: And Mr. Leonard, I want you to understand that if you do not appear in this courtroom at 9:00 on Monday morning, that a warrant will be issued for your arrest and if you fail to appear, I think that would take care of any plea agreement you have from the state to recommend concurrent sentences. Do you understand that? THE DEFENDANT: Yes, ma'am.

---

[1] We affirmed his sentence on direct appeal in *State v. Leonard*, No. 15-0381, 2015 WL 7686999, at *1 (Iowa Ct. App. Nov. 36, 2015).

Q: If . . . there was no plea agreement and you were convicted of all of these charges and they were run consecutive, you would be looking on the robbery charges of a total of twenty years with a mandatory minimum of fourteen. Do you understand that? A: Yes, ma'am.
Q: And the forgery . . . . That would be another additional five years on the forgery charge. Do you understand that? A: Yes, ma'am.
Q: So there is a fairly substantial benefit to you in having those run concurrent and reducing the amount of time you spend in prison probably by about half. Do you understand that? A: Yes.
Q: . . . . [I]f you do get in any further trouble or if there is any indication or evidence that you have been using illegal substances or done things that you know you shouldn't be doing over the weekend, [the prosecutor] has made a record that he will not be bound by the plea agreement to recommend concurrent sentences. Do you understand that? A: Yes, ma'am.

The following exchange then occurred in the December 17, 2014 hearing before Leonard entered his plea:

Q: My understanding of the plea discussions in this matter are that the parties are each free to argue any legal sentence at the time of sentencing. Is that your understanding? A: Yes, Your Honor.
Q: All right. And so you understand that at the time of the sentencing the court will then determine, first of all, whether the sentences run concurrent or consecutive to each other. Since two of them are forcible felonies, there will be a mandatory prison term. The court will then determine whether it's ten years or twenty years. Do you understand that? A: Yes, Your Honor.
Q: And the court could at that time run everything consecutive, as I explained to you earlier, for a total of twenty-five years. Do you understand that? A: Yes, Your Honor.
Q: Knowing all of that, you still wish to plead guilty today? A: Yes, Your Honor.

Considering Leonard's credibility at the PCR hearing and his recorded colloquies with the court prior to entering his plea, we affirm the district court's finding that he has not shown his plea counsel was ineffective for failing to explain the consequences of his guilty plea.

Leonard also argues his PCR counsel was ineffective for failing to assert his plea counsel was ineffective for failing to file a motion in arrest of judgment

challenging his plea. *See* Iowa R. Crim. P. 2.24(3) (requiring a defendant to file a motion in arrest of judgment in order to challenge the adequacy of a guilty plea). Essentially, he argues his plea counsel had a duty to file a motion in arrest of judgment to argue his plea was not made voluntarily and intelligently on the same grounds discussed above regarding his understanding of his plea. *See* Iowa R. Crim. P. 2.8(2)(b) (requiring the court to determine a guilty "plea is made voluntarily and intelligently and has a factual basis" before accepting the plea). As explained above, Leonard has not shown his plea counsel was ineffective for failing to explain the consequences of his guilty plea. For the same reasons, he has not shown his PCR counsel was ineffective for failing to argue his plea counsel was ineffective for failing to file a motion in arrest of judgment to challenge his plea on those same grounds. Therefore, he has not shown ineffective assistance from either counsel, and we affirm the district court's denial of his PCR application.

**AFFIRMED.**